# GEORGE W. BRUNER v. CHARLES P. JACOBSON.[1]

October 20, 1911.

Nos. 17,236—(99).

**Accounting between partners — findings — judgment for defendant.**

In this, an action to establish that certain property was the property of the plaintiff and defendant as partners, and for an accounting and dissolution of the alleged partnership, *held:*

1. The evidence sustains the finding of the trial court that the land in question, the title to which stood in the name of the defendant, was not partnership property.

2. The plaintiff having failed to establish the cause of action alleged in the complaint, and the evidence not disclosing the relief, if any, to which he was entitled as agent for defendant, it was not error to order the entry of a judgment for defendant.

Action in the district court for Hennepin county to determine that certain real property was partnership property; that the partnership be dissolved; and for the appointment of a receiver, who after selling the land, should pay all liens and incumbrances out of the proceeds and divide the remainder between plaintiff and defendant in accordance with the terms of their partnership agreement; that is, after payment of expenses and disbursements defendant was to receive $2,000, and the remainder to be divided equally between plaintiff and defendant. The substance of the complaint and answer is set forth in the second paragraph of the opinion. The reply was a general denial. The case was tried before Holt, J., who made findings and as conclusion of law ordered judgment in favor of defendant. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*Charles J. Traxler* and *John F. Byers,* for appellant.

*C. A. Bucknam,* for respondent.

[1]Reported in 132 N. W. 995.

SIMPSON, J.

This is an appeal by the plaintiff from an order denying his motion for a new trial after trial by the court resulting in the direction of judgment for defendant.

The plaintiff's complaint substantially alleged: That plaintiff and defendant entered into an agreement to, and did, form a partnership under the firm name of George W. Bruner & Co., for the purchase and resale of certain land in Hennepin county, the defendant agreeing to furnish the money to pay for said land and to help dispose of the same, the plaintiff, an experienced real estate agent, to furnish his time, skill, and experience in assisting in buying and selling said land. That under this partnership agreement the land was thereafter purchased, title taken in the name of the defendant and the land platted into lots. That plaintiff and defendant worked together as partners in selling such lots for several months. That defendant failed to furnish the money to make a required second payment on the land. That liens had been filed against certain of the lots. That defendant refuses to allow plaintiff to participate in handling and selling the lots and threatens to appropriate the proceeds of said lots to his (the defendant's) own use. The relief asked was that the lots described be decreed to be partnership property and the property of the plaintiff and defendant, that the partnership be dissolved, that an accounting be had, and that a receiver be appointed to take possession of and sell the partnership property. The answer denied the partnership agreement, and alleged that the plaintiff was employed to and did act as agent for the defendant in the platting of the land described into lots and the sale thereof, defendant agreeing to pay plaintiff for said services one-half the net profits derived from sales of lots, payable when the purchase of the land had been fully completed by the defendant.

Upon trial the court found against the plaintiff upon the issue of partnership, and the joint ownership of the land, and ordered judgment of dismissal.

By the assignments of error, two principal points are raised and discussed: First, that the finding of the trial court "that there is not now nor has there ever existed any partnership between plaintiff and

defendant concerning said land" is not justified by the evidence; second, that, in any event, the court should have retained the case and determined the amount plaintiff was entitled to because of his services in platting and selling lots.

Upon the first question thus presented the evidence submitted at the trial was conflicting. There was much testimony tending to support plaintiff's claim that he and the defendant were in fact partners, and that the land in question had been purchased as a partnership enterprise. On the other hand, it appeared that, after the purchase of the land, the plaintiff prepared and submitted to the defendant for signature an agreement by the terms of which the defendant appointed the plaintiff his agent to sell the lots involved, and agreed, for the services rendered in platting and selling and in assisting in the sale of lots, to pay plaintiff one-half of the net profits derived therefrom. This written agreement, together with the evidence of the defendant that it was the only agreement with reference to said property existing between himself and the plaintiff, is clearly sufficient to sustain the findings of the trial court to the effect that the land was not purchased or held as partnership property, and the conclusion that the plaintiff was not entitled to the relief demanded.

As to the second contention of the appellant that the court should have determined the amount, the plaintiff was entitled to recover under the agency agreement: An examination of the record does not disclose that evidence was submitted or offered by either party from which the court could have determined what amount, if any, the plaintiff was so entitled to. While it is undoubtedly the rule that if upon the facts before the court the plaintiff was entitled to any relief, and the extent of the relief to which he was entitled was made to appear, such relief might and should have been given in the action then pending. In this case the evidence before the court was insufficient to establish the relief, if any, to which the plaintiff, under the agency agreement, was entitled. The plaintiff did not offer to supply such testimony, but, on the other hand, during the trial clearly stood upon his claim that he had an interest in the property as a partner, and was entitled to an accounting and distribution of

the partnership property. In this condition of the evidence, the order of the trial court dismissing the action was proper.

The judgment ordered will not prevent the plaintiff from asserting any rights which he may have to compensation for services rendered under the agency agreement, the record showing that such issue was not made or tried in the present action.

Affirmed.